**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ATIRA WEBSTER,

    Plaintiff,

                                  CASE NO.

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC., and AFFIRM,
INC.,

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, ATIRA WEBSTER(hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and AFFIRM, INC. (hereinafter "Affirm") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**PRELIMINARY STATEMENT**

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

### JURISDICTION, VENUE, AND PARTIES

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Affirm is corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its

registered agent CT Corporation System located at 1200 South Pine Island Rd, Plantation, FL 33324.

14.    Affirm is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.    Affirm furnished information about Plaintiff to Experian that was inaccurate.

## **FACTUAL ALLEGATIONS**

16.    Upon information and belief, Plaintiff is a victim of identity theft.

17.    Plaintiff is a natural person who is alleged to owe multiple debts to Affirm:

    i.    Affirm Account beginning in #3WEMXXXX with a balance of $1,826.00

    ii.    Affirm Account beginning in #RZECXXXX with a balance of $279.00

    iii.    Affirm Account beginning in #T4SLXXXX with a balance of $363.00

    iv.    Affirm Account beginning in #WSPYXXXX with a balance of $585.00

18. While Plaintiff does have her own Affirm accounts which belong to her and are in good standing, the Affirm Accounts referenced above were not opened by her or authorized to be opened on her behalf.

19. Upon discovering the fraudulent Affirm accounts on her Experian credit report, Plaintiff began continually disputing the accounts with Experian, yet Experian refused to permanently delete the fraudulent accounts:

    i. Report #0364-8487-45 on December 21, 2023, Accounts "Remain"

    ii. Report #2268-6880-83 on April 2, 2024, Accounts "Remain"

    iii. Report #0666-6299-40 on November 18, 2025, Accounts "Updated"

    iv. Report #3365-9121-54 on November 25, 2025, Accounts "Updated"

    v. Report #0921-2479-98 on November 26, 2025, Accounts "Remain"

    vi. Report #1249-1743-66 on December 10, 2025, Accounts "Updated"

    vii. Report #1927-5407-02 on December 15, 2025, Accounts "Remain"

20. During this same time frame, Plaintiff also filed an Identity Theft Report with the Federal Trade Commission (FTC Report #192610363) on November 23, 2025 and another Identity Theft Report (FTC Report #198980270) on March 16, 2026 regarding the fraudulent Affirm Accounts. Plaintiff supplied these FTC Reports to Experian in her disputes.

21.    On or about January 13, 2026, Plaintiff also filed a Police Report with the Hillsborough County Sheriff's Office (Report #2026-5000158) regarding the fraudulent Affirm accounts.

22.    Due to the continued inaccurate reporting, on or about March 19, 2026, Plaintiff mailed a detailed written dispute letter to Experian via certified USPS Mail (Tracking #9589 0710 5270 2553 4778 79). In the letter Plaintiff included her personal information such as her date of birth and social security. Plaintiff also included images of her driver's license, social security card and a current phone bill to prove her identity. Plaintiff explained some of the Affirm accounts on her credit report are fraudulent and should not be appearing, she requested Experian investigate and remove the fraudulent reporting. Plaintiff also included images of the fraudulent Affirm accounts, the police report she filed and her newest FTC Identity Theft Affidavit.

23.    On or about April 3, 2026, Plaintiff received a response Experian (Report #2579-9408-66) where the fraudulent accounts were marked as "Under Dispute"

24.    On or about April 21, 2026, Plaintiff received a response from Experian (Report #2579-9408-66) where finally, after almost three (3) years of disputing the fraudulent accounts, Experian finally deleted the false Affirm accounts.

25.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather continually parroted information it received from Affirm.

26.     Experian never attempted to contact Plaintiff during the alleged investigation.

27.     Upon information and belief, Experian notified Affirm of Plaintiff's dispute. However, Affirm failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided Experian in connection with the dispute investigation.

28.     If at any point during this process, had the Defendants conducted reasonable investigations, the results would have been different.

29.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii.   Loss of time attempting to cure the error;

  iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

iv.   Damage to his reputation as the false representations regarding the fraudulent account were published to third parties such as Bank of America and Capital one on March 17, 2026.

v.   Loss of the ability to benefit from lower interest rates; and

vi.   Apprehensiveness to apply for credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

30.   Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

31.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

32.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

33.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the

anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

34.    Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

35.    The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

36.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ATIRA WEBSTER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

37.    Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

9

38.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

39.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

40.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

41.     Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

42.     The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

43.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ATIRA WEBSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

44.    Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

45.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

46.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

11

47. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

48. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, ATIRA WEBSTER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT IV</u>
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

50. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

12

51. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

52. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

53. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

54. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, ATIRA WEBSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**<u>COUNT V</u>**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Affirm, Inc. (Negligent)**

56.    Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

57.    Affirm furnished inaccurate account information to the Experian, and through Experian to all of Plaintiff's potential lenders.

58.    After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

59.    Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the accounts were fraudulent.

14

60.    Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

61.    Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information Experian after it had been notified that the information it was furnishing was inaccurate.

62.    As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63.    The conduct, action, and inaction of Affirm was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64.    Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ATIRA WEBSTER, respectfully requests that this Court award actual damages against Defendant, AFFIRM, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XIV
**Violation of 15 U.S.C § 1681s-2(b) as to
Defendant, Affirm, National Association F/K/K Discover Bank (Willful)**

65.    Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-four (24) above as if fully stated herein.

66.    Affirm furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

67.    After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

16

68.    Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the accounts were fraudulent.

69.    Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

70.    Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

71.    As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

72.     The conduct, action, and inaction of Affirm was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

73.     Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ATIRA WEBSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, AFFIRM, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ATIRA WEBSTER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and AFFIRM, INC. , jointly and severally; attorneys' fees and costs; prejudgment and

18

post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED 29th day of April, 2026.

Respectfully Submitted,

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**_/s/ Octavio Gomez, Esq._**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*